## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Juan Carlos Rodriguez and Benjamin Cisneros ("Plaintiffs") and Defendants The Hogan Four, Corp. d/b/a Hogan's Family Diner ("Hogan's") and Daniel Hogan (collectively with Hogan's, "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of the disputes between them subject to the following terms:

1. **No Admission of Liability**. Plaintiffs and Defendants (the "Parties") recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the matters set forth in the Complaint in *Rodriguez v. The Hogan Four, Corp. et al.*, Civil Action No. 16 Civ. 1940 (LMS), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, Plaintiffs' employment relationship with Defendants, Plaintiffs' separation of employment with Defendants, and/or otherwise.

2. **Dismissal of Pending Action**. For and in consideration of the promises outlined in Paragraph 3, Plaintiffs agree (1) to file a Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A; and (2) not to re-file causes of action against Defendants arising from matters relating to or raised in the Pending Action.

3. **Consideration**. Upon full execution of this Agreement and the Court's approval of it and acceptance of the Stipulation of Dismissal with Prejudice (annexed hereto as Exhibit A), Defendants agree to pay Plaintiffs the total sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) (the "Settlement Payment"), and other good and valuable consideration, as set forth and allocated below.

4.   **Settlement Payment**.

   A.   Distributions.  Of the Settlement Payment, Defendants shall pay

   a.   Plaintiff Juan Carlos Rodriguez Twenty-One Thousand Seventy-Nine Dollars and Fifteen Cents ($21,079.15), representing back wages and liquidated damages;

   b.   Plaintiff Benjamin Cisneros Fifteen Thousand One-Hundred Ninety Dollars and Thirty-Four Cents ($15,190.34), representing back wages and liquidated damages; and

   c.   Pechman Law Group PLLC Eighteen Thousand Seven-Hundred Thirty Dollars and Fifty-One Cents ($18,730.51), representing attorneys' fees and costs.

   B.   Installments.  Defendants shall pay the Settlement Payment in installments by delivering to Pechman Law Group PLLC two checks payable to Juan Carlos Rodriguez, two checks payable to Benjamin Cisneros, and one check payable to Pechman Law Group PLLC for the amounts and by each date set forth below:

|  | Installment Amount | Juan Carlos Rodriguez | Benjamin Cisneros | Pechman Law Group PLLC |
|---|---|---|---|---|
| 5/1/17 | $15,000.00 | $2,790.49 by W-2<br>$2,790.49 by 1099 | $2,010.92 by W-2<br>$2,010.92 by 1099 | $5,397.18 |
| 6/1/17 | $8,000.00 | $1,549.82 by W-2<br>$1,549.81 by 1099 | $1,116.85 by W-2<br>$1,116.85 by 1099 | $2,666.67 |
| 7/1/17 | $8,000.00 | $1,549.82 by W-2<br>$1,549.81 by 1099 | $1,116.85 by W-2<br>$1,116.85 by 1099 | $2,666.67 |
| 8/1/17 | $8,000.00 | $1,549.82 by W-2<br>$1,549.81 by 1099 | $1,116.85 by W-2<br>$1,116.85 by 1099 | $2,666.67 |
| 9/1/17 | $8,000.00 | $1,549.82 by W-2<br>$1,549.82 by 1099 | $1,116.85 by W-2<br>$1,116.85 by 1099 | $2,666.66 |
| 10/19/17 | $8,000.00 | $1,549.82 by W-2<br>$1,549.82 by 1099 | $1,116.85 by W-2<br>$1,116.85 by 1099 | $2,666.66 |
| **Total Amounts** | $55,000.00 | $21,079.15 | $15,190.34 | $18,730.51 |

The dates set forth above shall not be postponed, delayed, or otherwise altered pending approval of this Agreement by the Court in the Pending Action, but Defendants' obligation to deliver checks to Pechman Law Group PLLC is contingent on the Court's approval of the Agreement. If the Court in the Pending Action approves this Agreement after May 1, 2017, then, within seven (7) calendar days of the Court's approval of the Agreement, Defendants shall deliver to Pechman Law Group PLLC all checks for all amounts due as of the date of the Court's approval of the Agreement.

        C.     For tax purposes, 50% of the portion of each Installment Amount paid to Plaintiffs shall be treated as unpaid wages, subject to tax withholdings and deductions required by law under IRS Form W-2, and the remaining 50% shall be treated as liquidated damages, which shall be paid without withholdings or deductions under IRS Form 1099, as set forth above. All amounts paid to Pechman Law Group PLLC shall be subject to IRS Form 1099. Each Plaintiff shall provide to Defendants' counsel IRS Forms W-4 and IRS Forms W-9, as well as an IRS Form 1099 from their counsel, before May 1, 2017. Defendants shall issue separate IRS Forms W-2 and 1099 to each Plaintiff and IRS Form 1099 to Pechman Law Group PLLC for their respective payments.

        D.     Defendant Daniel Hogan, on behalf of himself and on behalf of the Hogan Four, Corp., agrees to execute a Confession of Judgment, in the form annexed hereto as Exhibit B, admitting that in the event that Defendants default on their payment obligations under this Agreement, and fail to cure such default within the cure period (as set forth in Section 4(E) below), all remaining installment payments of the Settlement Amount shall be accelerated and become immediately due to Plaintiffs plus liquidated damages in an amount of Thirty Thousand Dollars ($30,000.00). Defendants agree to deliver the fully executed and notarized original Confession of Judgment contemporaneously with Defendants' execution of this Agreement to Pechman Law

3

Group PLLC. Pechman Law Group PLLC will hold said Confession of Judgment in escrow and will only file it if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in Section 4(B) above, and Defendants have not cured any such failure as set forth in Section 4(E) below. Upon receipt of all of the payments of the Settlement Payment, as set forth in Sections 4(A) and 4(B) above, Pechman Law Group PLLC shall destroy Defendants' Confession of Judgment.

    E. If Defendants fail to timely make any of the payments described above, in Section 4(A), or if any payment check fails to clear (*i.e.*, bounces) on its respective payment date, Plaintiffs' counsel shall provide, by e-mail, a notice to cure to Defendants' counsel, Michael Taubenfeld (michael@fishertaubenfeld.com) and Alan Serrins (alan@serrinslaw.com). Defendants shall cure the default within seven (7) business days from and including the date on which the notice was sent. If the default is not cured within the seven (7) business day period, all outstanding and unpaid installment payments specified in Sections 4(A) and 4(B) will be accelerated and become due immediately and Plaintiffs shall have the unqualified right to enter or file the Confession of Judgment, as set forth in Exhibit B, against Defendants in the United States District Court for the Southern District of New York, or other court with jurisdiction or Clerk's Office, for the amounts set forth in the Confession of Judgment.

  5. **Plaintiffs' Releases of Wage and Hour Claims.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by or through them, Defendants, including their predecessors, successors, agents,

owners, and assigns, of and from any and all wage and hour claims, such as claims for unpaid salaries, compensation, minimum and overtime wages, earnings, liquidated and statutory damages, monetary relief, interest, and attorneys' fees and costs, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the New York Labor Law, the Wage Theft Prevention Act, and/or any local, state, or federal wage statute, code, or ordinance, including the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146, that were brought or could have been brought in the Pending Action.

6. **Attorneys' Fees and Costs.**  It is agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically set forth above.

7. **Voluntary Settlement**.  Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord and believe that it represents a fair and reasonable compromise.

8. **No Other Representations or Agreements**.  Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, or representatives to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement between the Parties.

9. **No Modification Except In Writing**.  This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

10. **Execution In Counterpart**.  This Agreement may be executed in counterpart by each Party and all executed copies of the Agreement, when taken together,

shall constitute a complete Agreement. Electronic and Facsimile copies shall be deemed originals.

11. **Retention of Jurisdiction.** The Parties shall request that the United States District Court for the Southern District of New York retain jurisdiction over the Pending Action for purposes of enforcing the terms of this Agreement.

12. **Plaintiffs understand, represent, and agree that they:**

    **(A)** Have carefully read and fully understood all of the provisions of this Agreement;

    **(B)** Have had all of the terms of this Agreement translated into, and explained to them in, Spanish, their native language, by counsel;

    **(C)** Are, through this Agreement, releasing Defendants from any and all possible wage and hour claims that Plaintiffs may have against them, including the claims in the Pending Action;

    **(D)** Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    **(E)** Knowingly and voluntarily intend to be legally bound by this Agreement;

    **(F)** Were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

**[CONTINUED ON NEXT PAGE]**

(G) Are duly authorized and have full authority to execute this Agreement.

**BY PLAINTIFFS**

JUAN CARLOS RODRIGUEZ                BENJAMIN CISNEROS

_____       _____
Juan Carlos Rodriguez                Benjamin Cisneros

DATED: April ____21____, 2017        DATED: April _____, 2017

Sworn to and subscribed before me this   Sworn to and subscribed before me this
__21__ day of April 2017                 _____ day of April 2017


_____       _____
Notary Public                        Notary Public

GIANFRANCO J. CUADRA
Notary Public, State of New York
No. 02CU6325359
Qualified in Kings County
Commission Expires May 26, 2019

**BY DEFENDANTS**

THE HOGAN FOUR, CORP and
DANIEL HOGAN


_____
By:   Daniel Hogan, personally and on
      behalf of The Hogan Four, Corp.
Title: Chief Executive Officer

Sworn to and subscribed before me this
_____ day of April 2017



_____
Notary Public

7

      (G)    Are duly authorized and have full authority to execute this Agreement.

**BY PLAINTIFFS**

| JUAN CARLOS RODRIGUEZ | BENJAMIN CISNEROS |
|---|---|
| _____ | _/s/ Benjamin Cisneros_____ |
| Juan Carlos Rodriguez | Benjamin Cisneros |
| DATED: April _____, 2017 | DATED: April __21__, 2017 |
| Sworn to and subscribed before me this ____ day of April 2017 | Sworn to and subscribed before me this _21_ day of April 2017 |
| _____ | _/s/ Carmen L. Collado_____ |
| Notary Public | Notary Public |

CARMEN L COLLADO
Notary Public, State of New York
No. 01CO6336463
Qualified in Rockland County
Commission Expires Feb. 01, 2022

**BY DEFENDANTS**

THE HOGAN FOUR, CORP and
DANIEL HOGAN

_____
By:  Daniel Hogan, personally and on
      behalf of The Hogan Four, Corp.
Title: Chief Executive Officer

Sworn to and subscribed before me this
____ day of April 2017

_____
Notary Public

7

(G) Are duly authorized and have full authority to execute this Agreement.

**BY PLAINTIFFS**

JUAN CARLOS RODRIGUEZ              BENJAMIN CISNEROS

_____     _____
Juan Carlos Rodriguez              Benjamin Cisneros

DATED: April _____, 2017     DATED: April _____, 2017

Sworn to and subscribed before me this      Sworn to and subscribed before me this
_____ day of April 2017                      _____ day of April 2017

_____     _____
Notary Public                      Notary Public

**BY DEFENDANTS**

THE HOGAN FOUR, CORP and
DANIEL HOGAN

*[signature]*

By: Daniel Hogan, personally and on
    behalf of The Hogan Four, Corp.
Title: Chief Executive Officer

Sworn to and subscribed before me this
_20_ day of April 2017

*[signature]*
Notary Public

ERIC JASLOW
Notary Public, State of New York
No. 01JA6145572
Qualified in Rockland County
Commission Expires May 8, 20_18_

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JUAN CARLOS RODRIGUEZ, on behalf of himself
and all others similarly situated,

                  Plaintiff,           **16 Civ. 1940 (LMS)**

     -against-

                                                **STIPULATION OF**
THE HOGAN FOUR, CORP. d/b/a HOGAN'S     **DISMISSAL AND**
FAMILY DINER and DANIEL HOGAN,               **PROPOSED ORDER**

                  Defendants.
------------------------------------------------------------------- X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on March 16, 2016, Plaintiff Juan Carlos Rodriguez filed a Complaint, which asserts claims for, *inter alia*, unpaid overtime wages, statutory damages, liquidated damages, interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law, and the New York Wage Theft Prevention Act;

**WHEREAS**, the Parties stipulated to conditional certification of a collective action under the FLSA on September 21, 2016, and Plaintiff Benjamin Cisneros opted in to this action on November 28, 2016;

**WHEREAS,** the Parties reached a settlement of this action and Plaintiffs' wage and hour claims through arms-length negotiations and have entered into a Settlement Agreement and Release (the "Agreement") formally memorializing the terms of the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are fully incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a

provision or provisions of the FLSA, the New York Labor Law, and/or time worked in accordance with *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015); and

**WHEREAS,** this Court shall retain jurisdiction over this action to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
April 21, 2017

PECHMAN LAW GROUP PLLC
*Attorneys for Plaintiffs*

By: _____
Louis Pechman, Esq.
Gianfranco J. Cuadra, Esq.
488 Madison Avenue, 11th Floor
New York, NY 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

FISHER TAUBENFELD LLP
*Attorneys for Defendants*

By: _____
Michael Taubenfeld, Esq.
225 Broadway, Suite 1700
New York, NY 10007
Tel.: (212) 571-0700 (ext. 102)
michael@fishertaubenfeld.com

SO ORDERED.

_____
Lisa M. Smith, U.S.M.J.

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JUAN CARLOS RODRIGUEZ and BENJAMIN
CISNEROS,

                               Plaintiffs-Creditors,

              -against-

THE HOGAN FOUR, CORP. d/b/a HOGAN'S
FAMILY DINER and DANIEL HOGAN,

                            Defendants-Debtors.
-------------------------------------------------------------- X

16 Civ. 1940 (LMS)

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
                             ) ss:
COUNTY OF ROCKLAND)

Daniel Hogan, being duly sworn, deposes and says:

        1.     I, Daniel Hogan, am the owner of The Hogan Four, Corp. d/b/a Hogan's Family Diner ("Hogan's").

        2.     I reside at 123 Foxwood Rd., W. Nyack, NY 10994.

        3.     I have authority to sign and make this Affidavit of Confession of Judgment on behalf of myself and on behalf of Hogan's.

        4.     I, Daniel Hogan, hereby confess judgment and authorize entry of judgment against myself and Hogan's (collectively, "Debtors"), jointly and severally, in favor of Plaintiffs-Creditors Juan Carlos Rodriguez and Benjamin Cisneros in New York, Westchester, and/or Rockland Counties, for the total sum of $_____, to be filled in by Plaintiffs, which is equal to the sum of (a) Eighty-Five Thousand Dollars ($85,000.00) minus all amounts already paid to Plaintiffs under the Parties' settlement agreement filed in the above-reference action; (b) pre-judgment interest at the rate of 9% per annum, starting from the date I executed this Confession of Judgment, on all outstanding, accelerated, and unpaid amounts under the Agreement; and (c) reimbursement of all

costs and reasonable attorneys' fees that Plaintiffs-Creditors incurred in seeking and enforcing a judgment against Debtors.

5. This Confession of Judgment is for a debt justly due to Plaintiffs-Creditors pursuant to the Agreement.

6. The Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

7. I understand that upon Debtors' breach of the Settlement Agreement, Plaintiffs-Creditors shall have the unqualified right to file and enter this Confession of Judgment in this Court, or in any court of competent jurisdiction in the State of New York, or with the Clerk's Office of New York, Westchester, and/or Rockland Counties, as a judgment against Debtors, jointly and severally, against all property, of any kind, over which Debtors, collectively or individually, have any ownership interest.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, Pechman Law Group PLLC, and shall be destroyed upon the Debtors' completion of their payment obligations contained in the annexed Settlement Agreement and Release.

*Daniel Hogan*

Daniel Hogan, on behalf of himself and on behalf of The Hogan Four, Corp. d/b/a Hogan's Family Diner

Sworn to and subscribed before me this
20 day of April 2017

_____
NOTARY PUBLIC

ERIC JASLOW
Notary Public, State of New York
No. 01JA6145572
Qualified in Rockland County
Commission Expires May 8, 20 18

2